UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TANEAH BURNETT,

    Plaintiff,

    vs.

ORLANDO POLICE
DEPARTMENT; and OFFICER
GABRIEL TINEO,

    Defendant.

Case No.
6:26-cv-719-JSS-RMN

## REPORT AND RECOMMENDATION

Taneah Burnett, proceeding *pro se*, filed a Complaint against the Orlando Police Department and Officer Gabriel Tineo. Dkt. 1.[1] Plaintiff also filed a Motion to Proceed *in forma pauperis* ("IFP Motion", Dkt. 2). Considering the standards the Court must apply and the allegations in the Complaint, I respectfully recommend denying the IFP Motion, dismissing the Complaint, and providing Plaintiff with another opportunity to plead her claims.

---

[1] On the same day, Plaintiff filed case No. 6:26-cv-720-AGM-RMN against the same defendants, and case No. 6:26-cv-721 against a defendant she names "Releasing Officer, Orange County Medical Clinic Pharmacy."

## I.  LEGAL STANDARDS

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate a plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint under section 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(i)–(iii). A complaint is frivolous under section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by

- 2 -

a pro se litigant] in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). If the complaint is deficient, the court must dismiss the lawsuit. *Neitzke*, 490 U.S. at 324.

## II.  ANALYSIS

First, I consider whether Plaintiff qualifies as a pauper and then I discuss the adequacy of the Complaint.

### A.    Financial Information

When considering an IFP Motion, the Court must assess whether the statements in the IFP application or accompanying declaration satisfy the requirements of poverty. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). The Court does this by comparing the applicant's assets, income, and liabilities. *See, e.g., id.* at 1307–08 ("the district court was unable to compare Martinez's assets with her liabilities in order to determine whether she satisfied the poverty requirement").

After a careful review, I find that Plaintiff has not provided enough information to determine if she is able to pay the costs of this action pursuant to 28 U.S.C. § 1915(a). Though Plaintiff did provide

a document purporting to be an "application to proceed in district court without prepaying fees or costs," Plaintiff did not submit the proper long form Application to Proceed in District Court without Prepaying Fees or Costs.[2] Thus, the Court is unable to determine whether Plaintiff qualifies as a pauper. *See* Dkt. 2. For this reason alone, the Court should deny the application.

### B.   Adequacy of the Complaint

The generic "Complaint for Violation of Civil Rights (Non-Prisoner)" form Plaintiff utilizes as her Complaint purports to bring one section 1983 claim against both Defendants. *See generally* Dkt. 1. This Report discusses each ground for dismissal of Plaintiff's Complaint and recommends the Court grant leave to file an amended complaint.

#### 1.   Shotgun Pleading

The Eleventh Circuit has repeatedly condemned shotgun pleadings. In fact, the Eleventh Circuit has acknowledged its "thirty-year salvo of criticism aimed at shotgun pleadings" and identified four categories. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Plaintiff's Complaint fits squarely into at least three of the categories identified as it is "replete with conclusory, vague, and immaterial facts not obviously connected to any

---

[2] The long form Application to Proceed in District Court without Prepaying Fees or Costs can be found on the Court's website, at www.uscourts.gov/sites/default/files/ao239_1.pdf.

particular cause of action"; it is "one that commits the sin of not separating into a different count each cause of action or claim for relief"; and it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

In other words, the Complaint does not properly list causes of action and lumps the alleged wrongful conduct—to the extent any is alleged—onto both named Defendants. Therefore, the Complaint fails to separate into different counts the various claims asserted, depriving Defendants of "adequate notice of the claims" asserted and the grounds supporting each claim. *Id.* at 1323. As a result, the Court and the Defendants face the onerous and likely hopeless task of sifting through the Complaint to determine which facts are relevant to what causes of action. This manner of pleading contravenes the mandate of Federal Rule of Civil Procedure 8(a) that pleadings contain "short and plain" statements "showing that the pleader is entitled to relief" for the asserted claim. Fed. R. Civ. P. 8(a)(2).

Because the Complaint is a prohibited shotgun pleading, the Court should require Plaintiff to replead. *See Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). If Plaintiff chooses to replead, her amended complaint must clearly identify each separate claim for relief and must clearly delineate factual allegations and legal basis relevant to each claim and each defendant.

### 2.    Section 1983 Claims

Although I recommend the Court dismiss the Complaint as a shotgun pleading, this Report will discuss the alleged claims on the merits as well.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived [her] of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). "More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983." *Hannah v. Union Corr. Inst.*, No. 3:12-cv-436, 2012 WL 1413163, at *1 (M.D. Fla. Apr. 23, 2012) (citing *L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984)). "[I]n the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendant under 42 U.S.C. § 1983." *Id.* I will address the § 1983 claims made against each Defendant in turn.

### a.    Orlando Police Department

It is well settled that "[s]ection 1983 creates a private cause of action for deprivations of federal rights by *persons* acting under color of state law." *Laster v. City of Tampa Police Dep't*, 575 F. App'x 869, 872 (11th Cir. 2014) (emphasis added).  While the term "persons" has

been interpreted to include municipalities and other local governmental units in addition to individuals, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, (1978), "[s]heriff's departments and police departments are not usually considered legal entities subject to suit" under section 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citations omitted); *see also Turner v. Homestead Police Dep't*, 828 F. App'x 541, 544–45 (11th Cir. 2020) (per curiam) (noting that a police department's "ability to sue or be sued is 'determined by the law of the state in which the district court is held' and that 'Florida law provides that police departments lack 'the capacity to sue and be sued'") (citations omitted); *Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989) (because a police department is merely the "vehicle" through which a local government exercises its police powers, the department is not a separate entity subject to suit) (citations omitted). Because the Orlando Police Department is not a "person" for purposes of section 1983, I recommend the Court dismiss any section 1983 claim against it.

### b.    Officer Gabriel Tineo, Individual Capacity

Liberally read, the Complaint fails to state a plausible section 1983 claim against Officer Tineo. The Complaint lacks factual allegations that would allow the Court to draw reasonable inferences that Officer Tineo violated Plaintiff's constitutional rights. The Complaint, in light most favorable to Plaintiff and to the extent it is

understood, merely alleges that Officer Tineo denied the use of a wheelchair, denied any accommodation for deafness, and denied medical care while he was arresting Plaintiff. There are also passing references of "false arrest" and "falsified evidence" without any further explanation. *See* Dkt. 1 at 3, 10–17.

A "plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1260 (11th Cir. 2004) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). In fact, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. 662 at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right,[3] Plaintiff cannot sustain a cause of action against Officer Tineo. Because the Compliant lacks facts

---

[3] Plaintiff makes references to several federal statutes and constitutional amendments but does not explain how Office Tineo violated her constitutional rights or why a violation of the cited federal statutes would lead to a violation of Section 1983.

sufficient to support a Section 1983 claim, the Court should dismiss the claims against Defendant Tineo in his individual capacity.

### C.    Resources for Litigants Without Lawyers

Additionally, Plaintiff may visit the Court's website (www.flmd.uscourts.gov) for resources for unrepresented litigants, including a form for a civil complaint and a *Guide for Proceeding Without a Lawyer*. Plaintiff may also get a copy of the *Guide* at the clerk's office. In addition, the Orlando Chapter of the Federal Bar Association operates a Legal Information Program that affords litigants proceeding in federal court without lawyers an opportunity to meet with lawyers to ask general questions about procedures governing cases in federal court. More information about the program, including instructions about how to schedule an appointment, is available on the Court's website at https://www.flmd.uscourts.gov/legal-information-program.

### III.  RECOMMENDATIONS

Accordingly, I respectfully **RECOMMEND** the Court:

1.      **DENY** Plaintiff's Motion to Proceed *in forma pauperis* (Dkt. 2);

2.      **DISMISS without prejudice** Plaintiff's Complaint (Dkt. 1) and with leave to file an amended complaint that comports with Rules 8 and 10 of the Federal Rules of Civil Procedure, complies

with the requirements of this Court's Local Rules, and corrects the deficiencies identified in this Report; and

3.    **ORDER** Plaintiff to file an amended complaint and amended motion to proceed *in forma pauperis* no later than 21 days after the issuance of an order adopting these recommendations.

<u>Notice to Parties</u>

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on April 8, 2026.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

- 10 -

- 11 -

Copies to:

Hon. Julie S. Sneed

Taneah Burnett
P.O. Box 7327
Tallahassee, Florida 32314